**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 9, 2013

LETTER TO COUNSEL:

    RE:    *Goldstein v. FDIC-R*;
             Civil No. ELH-11-1604

Dear Counsel:

       I have reviewed Plaintiff's Request for Expedited Order Regarding Discovery (ECF No. 92); Defendant's Opposition (ECF No. 95); Plaintiff's Reply (ECF No. 97); and Defendant's Consensual Surreply (ECF No. 99). No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiff's Request is Granted in Part and Denied in Part. The scheduling order will be modified in accordance with this letter opinion.

       Plaintiff's request arises from Defendant's "supplemental production" of approximately 228,000 pages of documents on March 20, 2013, approximately one month before the current discovery deadline. Defendant cites "discovery vendor error" for the belated production, and notes that it unilaterally discovered and corrected the deficient production. I note that Defendant should have notified Plaintiff immediately once the deficient production was discovered, to allow both parties to conduct discovery with knowledge that a sizeable supplemental production would be forthcoming. Instead, Defendant delivered the "supplemental production" approximately three weeks after it recognized the error, without providing earlier notice. However, there is no evidence that Defendant acted in bad faith or otherwise engaged in sanctionable conduct under Rule 37.

       The question is the appropriate remedy for the belated production of responsive documents. I concur with Plaintiff that a unilateral, sixty-day extension of the discovery deadline is appropriate to permit Plaintiff time to review and conduct discovery relating to the supplemental production. However, extensions to other deadlines will therefore become necessary, and will have to be mutual in order to permit efficient litigation of the dispute. I have modified the scheduling order accordingly, and the modified order is entered with this letter opinion.

       Defendant's filings in this matter provide a detailed explanation of the reasons underlying the supplemental production. Plaintiff's request that a more detailed explanation be provided is therefore denied. However, on or before **April 18, 2013**, Defendant should file written confirmation that it has completed production of documents responsive to Plaintiff's discovery requests.

Plaintiff also seeks reimbursement of various fees and costs, including the costs associated with his review of the supplemental production. That request is denied. Plaintiff would have had to review the documents even had they been produced in the initial production. Though the timing of the expense has shifted, the expense itself has not been affected by Defendant's actions. Moreover, because Plaintiff's rebuttal expert report has not yet been filed, Plaintiff is not incurring additional expense to ask his expert to incorporate the supplemental production into that report. Again, the same expense would have been incurred had the expert considered the documents from the supplemental production at an earlier stage.

For the reasons described herein, Plaintiff's Request for Expedited Order Regarding Discovery, ECF No. 92, is granted in part and denied in part. Defendant is ordered to file written confirmation that it has completed production of documents responsive to Plaintiff's discovery requests on or before **April 18, 2013.** A modified scheduling order is entered herewith.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge