CHAMBERS OF                                         101 WEST LOMBARD STREET
STEPHANIE A. GALLAGHER                              BALTIMORE, MARYLAND 21201
UNITED STATES MAGISTRATE JUDGE                      (410) 962-7780
                                                    Fax (410) 962-1812

May 23, 2013

LETTER TO COUNSEL

       RE:    *Goldstein v. Federal Deposit Insurance Corp.*, Civil No. ELH-11-1604

Dear Counsel:

       This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 39]. Plaintiff Charles R. Goldstein ("Plaintiff") has filed a Motion to Compel Defendant to Produce Corporate Designee(s) for Rule 30(b)(6) Areas of Inquiry. [ECF No. 102]. Defendant Federal Deposit Insurance Corporation – Receiver ("FDIC-R") has opposed the motion [ECF No. 113], and Plaintiff has filed a reply memorandum [ECF No. 119]. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated herein, Plaintiff's motion will be GRANTED IN PART and DENIED IN PART.

       The categories of 30(b)(6) topics highlighted in Plaintiff's Motion to Compel are addressed sequentially below:

**A. Topics 1 & 2: The exclusion of Plaintiff from accessing or identifying K Capital records stored at K Bank, and the reason(s) for delay in providing such records to Plaintiff.**

       Plaintiff first seeks to depose FDIC-R concerning the reasons for denying him access to K Capital records from November 2010 to December 2010. Previously, this Court ruled that Plaintiff may discover the names of FDIC-R employees present at K Bank when Plaintiff sought, and was denied, access to K Capital records. *See* ECF No. 68, at 4. FDIC-R argues that Plaintiff must seek discovery from the "actual individuals" involved, as opposed to FDIC-R. Opp'n 13. However, by deposing a 30(b)(6) witness of FDIC-R, Plaintiff will either be obtaining discovery from the individuals who acted on behalf of FDIC-R, or from a FDIC-R designee who has spoken to such individuals and is competent to testify on behalf of FDIC-R. Therefore, Plaintiff's motion is granted.

**B. Topic 6: The chain of custody of all documents produced by FDIC-R.**

       Plaintiff next seeks to depose FDIC-R regarding the chain of custody of all documents produced by FDIC-R to Plaintiff. FDIC-R has agreed to provide a witness with respect to the chain of custody starting on November 5, 2010, when it became receiver. Opp'n 2. FDIC-R does not have knowledge regarding the custody of the documents prior to its appointment as receiver of K Bank, and Plaintiff may depose the entities that had possession of the documents prior to FDIC-R's involvement. Plaintiff's motion is therefore denied.

**C. Topics 11, 13, 23, 26, 27: Value of Joint Loans after November 5, 2010 and value obtained by FDIC-R for Sale of K Bank Assets.**

Plaintiff seeks to depose FDIC-R on the value of the Joint Loans on and after November 5, 2010, the negotiation and sale of K Bank assets, FDIC-R's allocation of moneys from the Purchase and Assumption Agreement and K Bank Receivership, and the value of receivership certificates issued by FDIC-R. Pl. Mot. 10, 12. Plaintiff also seeks FDIC-R's communications with FDIC and with M&T about the joint loans. *Id.* at 12. Plaintiff's motion is granted in part and denied in part.

First, this Court has already ruled that the information sought in Topic 13, regarding bids for, and the negotiation and sale of, K Bank assets would be properly sought via a third-party subpoena to FDIC-Corporate, and that such communications are not relevant. ECF No. 68, at 3. Consistent with this Court's previous ruling, Plaintiff cannot depose FDIC-R regarding such communications.

Topic 23 asks about FDIC-R's allocation of moneys received in connection with the Purchase and Assumption Agreement. Similarly, Topics 26 and 27 ask about FDIC-R's allocation of moneys from the K Bank Receivership, and the value of receivership certificates issued. This Court has already ruled that much of this information is not relevant, and that Plaintiff may obtain this information from the documents already produced. ECF No. 68, at 3-4. Moreover, as has been explained by FDIC-R, the FDIC did not receive proceeds from this Agreement. Rather, it paid, and continues to pay, M&T a substantial amount of money to take over the K Bank assets. For these reasons, Plaintiff's motion to compel Topics 23, 26, and 27 is denied.

Topic 11 asks about the value of the Joint Loans on and after November 5, 2010. Pl. Mot. 10. For the first time, Plaintiff clearly explains that he seeks to discover the value of the Joint Loans when they were sold to M&T, because he believes that K Capital is entitled to a portion of this value.[1] *Id.* at 12-13. FDIC-R argues that, as a matter of procedure and substance, Plaintiff is not entitled to a portion of FDIC-R's sale of K Bank's assets. FDIC-R also argues that it obtained no value from K Bank's assets, because it has paid M&T approximately $155 million to take the assets. However, FDIC-R has produced documents reflecting the amount of loss share provided to M&T Bank from the K Bank loans. Pl. Reply Ex. B. In addition, Judge Hollander may find that Plaintiff is entitled to a portion of FDIC-R's sale of the Joint Loans, if there is in fact any value. Therefore, at this stage of discovery, this Court will allow Plaintiff to ask one question of FDIC-R regarding whether FDIC-R calculated a value of the Joint Loans at the time of the sale to M&T. Plaintiff may only ask about the Joint Loans, and may not inquire about any other K Bank assets. If FDIC-R answers in the affirmative, Plaintiff may only ask follow-up questions to the extent necessary to determine the basis of the valuation.

---

[1] Topic 11 is also significantly narrower than Plaintiff's previous interrogatory, which sought the value, current value, and type of all assets of K Bank.

**D. Topics 12, 17, 19, 20, 21, 22, 24: K Bank and K Capital policies, procedures, interrelationship, and allocation of moneys.**

Plaintiff also seeks to depose FDIC-R regarding K Bank policies and procedures, the interrelationship and agreements between K Bank and K Capital, the allocation and accounting of moneys received by K Bank, and K Bank's servicing of loans in the name of K Capital. Pl. Mot. 10. Plaintiff seeks this information from FDIC-R because FDIC-R refused to stipulate that it would not call an FDIC-R witness at trial on K Bank policies, practices, and accounting. *Id.* However, FDIC-R has no knowledge of K Bank or K Capital's procedures, interrelationship, or actions prior to November 5, 2010, when it was appointed receiver. FDIC-R is in no better position than Plaintiff to learn such facts from the documents produced, and Plaintiff can obtain the information he seeks from the officers of K Bank and K Capital, who created the documents and have knowledge of their own procedures and relationships. Therefore, Plaintiff's motion is denied. *See* Fed. R. Civ. P. 26(b)(2)(C); *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, No. 3:05 CV 929 (CFD), 2007 WL 2460685, at *3-4 (D. Conn. Aug. 27, 2007).

**E. Topics 14 & 15: FDIC-R's communications with FDIC, and with M&T, about the Joint Loans.**

Plaintiff next seeks to depose FDIC-R regarding its communications with FDIC and M&T about the Joint Loans. This Court's previous ruling on Interrogatories No. 10 and 12 forecloses Plaintiff's attempt to depose FDIC-R regarding its communications with M&T about the Joint Loans. *See* ECF No. 68, at 4.

Plaintiff has also failed to demonstrate the relevance of communications between FDIC-R and FDIC. Plaintiff does not specifically address this topic in his Motion or Reply. In his previous motion to compel, Plaintiff argued that such communications are relevant because they may "provide insight into FDIC-R's knowledge about the relationship between K Bank and K Capital and identify persons [sic] may have knowledge regarding the issues in this matter." ECF No. 59-2, at 35-36. As explained above, FDIC-R has no knowledge regarding the relationship between K Bank and K Capital, and Plaintiff is better served seeking this information from K Bank and K Capital. Accordingly, Plaintiff's motion is denied.

**F. Topic 18: Location of Intercompany Operating Agreement**

Plaintiff seeks to depose FDIC-R regarding the location of the Intercompany Operating Agreement. Pl. Mot. 10. This Court has already ruled that FDIC-R has explained the method it used to search for relevant documents, and that its efforts were sufficient. *See* ECF No. 68, at 2-3. This Court has also found that Plaintiff has failed to establish that FDIC-R ever had custody of this document. *Id.* at 2. Accordingly, Plaintiff's motion is denied.

**G. Topics 29 & 30: Communications with Potential Witnesses**

Lastly, Plaintiff seeks to depose FDIC-R regarding its communications with K Bank or K

Capital about the lawsuit. Pl. Mot. 14. Plaintiff has not explained the relevance of these overly broad topics. Moreover, this Court finds that these deposition topics have a high potential to tread upon communications protected by the work product doctrine, and are not truly aimed at discovering the factual basis for Plaintiff's claims or FDIC-R's defenses. Plaintiff's motion is denied.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United Stated Magistrate Judge